327 So.2d 1 (1976)
Petition of POST-NEWSWEEK STATIONS, FLORIDA, INC. FOR CHANGE IN CODE OF JUDICIAL CONDUCT.
No. 46835.
Supreme Court of Florida.
January 28, 1976.
Talbot D'Alemberte, Steel, Hector & Davis, Miami, for petitioner.
Joseph C. Jacobs, Ervin, Varn, Jacobs & Odom, Tallahassee, for the Florida Association of Broadcasters, Inc.
Parker Lee McDonald, Chairman, Orlando, for the Florida Conference of Circuit Judges.
Richard C. McFarlain, Asst. Director, Tallahassee, for The Florida Bar.
Robert Eagan, State Atty., and Donald A. Lykkebak, Asst. State Atty., for the State of Florida.
Ellis S. Rubin, Ellis Rubin Law Offices, P.A., Miami, for Rommie L. Loudd.
A. Broaddus Livingston, Chairman, Tampa, and Larry S. Stewart, Chairman-Elect, Miami, for Trial Lawyers Section of The Florida Bar.
C. Gary Williams, Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for Society of Professional Journalists, Sigma Delta Chi, Southeast Region and Greater Miami Chapter, intervenor.
Richard E. Gerstein, State's Atty., and N. Joseph Durant, Jr., Chief Asst. State's Atty., for Florida Prosecuting Attorneys Association.
Harold Peter Barkas, Miami, for the Academy of Florida Trial Lawyers, amicus curiae.

INTERLOCUTORY DECISION
ROBERTS and SUNDBERG, Justices.
Post-Newsweek Stations, Florida, Inc. filed a petition for modification of Canon 3A(7) of the Code of Judicial Conduct of the State of Florida to the extent of allowing the televising of judicial proceedings and for the adoption of a rule in relation thereto proposed by the petitioner. In our Order, May 21, 1975, this Court denied that portion of the petition which seeks approval of the substitute of Canon 3A(7) proposed by the petitioner but granted the portion which seeks a reexamination of the Canon for the purpose of making the Court's own revision, if such should be deemed appropriate.
The petition for change is opposed by (1) The Florida Bar, (2) the Conference of Circuit Judges, (3) the Trial Lawyers Section of The Florida Bar, (4) Chairman of the Judicial Qualifications Commission expressing a personal view, and (5) others. Pursuant to the entry of our Order on May 21, 1975, the Court received various materials both pro and con in relation to the subject and observed a television video *2 tape film prepared under the auspices of the Supreme Court of the State of Washington. Upon examination of all the foregoing, the Court determined that an on-site experimental program conducted under the auspices of this Court whereby one televised courtroom trial of a criminal case and one such trial of a civil case to be heard by the Circuit Court of the Second Judicial Circuit of Florida would be of assistance to this Court in the final disposition of the matter. To that end and for that purpose, this Court, by its Order of December 18, 1975, called for a conference of all counsel to convene at 10:30 A.M. on Thursday, January 15, 1976, in the Supreme Court Building to discuss the feasibility of such program. The Court's Senior Justice, B.K. Roberts, was designated as its conferee with directions to preside over the conference above referred to. Later, Justice Alan Sundberg was added as a co-conferee by the Chief Justice.
Upon inquiry from this Court, prior to the January 15, 1976, conference, Honorable Ben C. Willis, Chief Judge of the Circuit Court of the Second Judicial Circuit of Florida in and for Leon County, Florida, agreed to make a courtroom available for the two experimental trials and to personally conduct them.
The conference of counsel met on January 15, 1976, as directed, supra, and heard two hours of discussion by all interested parties. The conferees have made their report to the Court.
Now, therefore, as an exception to Canon 3A(7) of the Judicial Code of Florida for experimental purposes, Honorable Ben C. Willis, Chief Judge of the Second Judicial Circuit of Florida, he having accepted the assignment, is authorized to proceed with the trial of one criminal case and one civil case allowing television coverage, subject to the hereinafter mentioned guidelines, but with the Court vesting a wide discretion in the learned trial judge in the regulation of the television coverage and operation and the providing of such additional guidelines as he, in his discretion, may deem appropriate. The authority herein granted is subject to the following specific guidelines:
1. The parties to the litigation, jurors and witnesses must consent to the televising of their participation in the trial.
2. The television equipment in the criminal case shall be fully screened from view but in the civil case, with the consent of the parties, the television equipment may be in the open.
3. The trial judge shall have full authority to terminate the televising of all or any part of the proceedings which he deems would be an effective interference in the administration of the justice of the cause.
4. At the conclusion of each trial, the television film or tape shall be delivered to the trial judge for transmittal by him to this Court for filing as an exhibit in these proceedings. Neither the television film nor any copy thereof shall be used in any public newscast without prior permission of this Court.
5. The Supreme Court, either by a committee of its Justices or other monitors, from an unobtrusive location in the courtroom, will observe the proceedings and at the conclusion of each trial, the Court, through its designee or designees, will interview such of the participants as it deems appropriate, for their individual reactions in order to assist in determining the total effect of television coverage upon the conduct of the trials.
6. At the conclusion of the trials, request is made that the trial judge provide the Court with his analysis of the experiment.
It is so ordered.
ADKINS, C.J., and BOYD, OVERTON, ENGLAND and HATCHETT, JJ., concur.